**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50279 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00085-L-1 |
| v. | |
| JOSE GALLEGOS-LOPEZ, | MEMORANDUM * |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted November 3, 2009
Pasadena, California

Before: SCHROEDER, SILER,** and IKUTA, Circuit Judges.

Jose Gallegos-Lopez appeals his jury conviction for two counts of bringing

illegal aliens to the United States for financial gain in violation of 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit
Judge for the Sixth Circuit, sitting by designation.

§ 1324(a)(2)(B)(ii), two counts of harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), and for aiding and abetting the same crimes.

Gallegos-Lopez first contends the district court erred when it gave the jury an instruction with a definition of the term "knowingly" that stated in part that "the government is not required to prove that the defendant knew that his acts and omissions were unlawful." He contends this instruction relieved the government of its burden to prove intent. The instruction, however, was given in the context of explaining when an act is done "knowingly." The element of intent was covered by different instructions that adequately explained to the jury that the government must prove that the defendant acted with the intent to violate the United States' immigration laws. Knowledge and intent are separate and distinct elements of the immigration crimes and the knowledge instruction was in accordance with the Ninth Circuit model jury instruction. There was no error in connection with either of the instructions and defense counsel did not object to either on the ground that they in any way conflicted.

Appellant also contends that the evidence was insufficient to support the convictions. The appellant's conduct immediately before and after illegal aliens scaled the border fence adjacent to the property was adequate for the jury to find that Gallegos-Lopez was materially assisting the aliens' illegal entry and

concealment from border authorities.  Unlike the situation in *United States v. Vasquez-Chan*, 978 F.2d 546 (9th Cir. 1992), upon which the appellant relies, there was no readily apparent innocent explanation for the defendant's conduct.

   **AFFIRMED**.